IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 07 2019

JAMES W. McCORMACK, CLERK

By: _____ DEP CLK

**PATRICIA ROBICHAUD, Individually and
on Behalf of All Others Similarly Situated**                                                **PLAINTIFF**

vs.                          No. 4:19-cv-100-JM

**US IT SOLUTIONS, INC.**                                                                    **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Patricia Robichaud ("Robichaud" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Christopher Burks and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendant US IT Solutions, Inc. ("Defendant"), she does hereby state and allege as follows:

This case assigned to District Judge _Moody_
and to Magistrate Judge _Volpe_

**I.   INTRODUCTION**

1. This is a collective action brought by Plaintiff Patricia Robichaud, both individually and on behalf of all hourly-paid IT Services employees placed or staffed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA"), and the Arkansas "Last Paycheck" law, Ark. Code Ann. § 11-4-405.

3. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, within

the applicable statutory limitations period, as a result of Defendant's failure to pay proper minimum wage and overtime compensation under the FLSA and the AMWA.

4.      Plaintiff seeks monetary damages, prejudgment interest, statutory penalties and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendant's failure to properly pay to Plaintiff her wages earned prior to the end of her employment after Plaintiff made lawful demand upon Defendant for payment which she is owed.

5.      Plaintiff seeks monetary damages, prejudgment interest, and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendant's receipt of services performed by Plaintiff and money to which Plaintiff is entitled for which Defendant knowingly and maliciously provided no benefit or consideration in exchange, despite knowing that Plaintiff performed such services with the anticipation of receiving compensation.

## II.    JURISDICTION AND VENUE

6.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7.      Plaintiff's claims under the AMWA and the Last Paycheck law form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

8.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA and Last Paycheck law claims pursuant to 28 U.S.C. § 1367(a).

9.      Defendant conducts business within the State of Arkansas.

10. Plaintiff was employed by Defendant to provide services for Defendant's business in the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a citizen of the United States and was a resident of and domiciled in the State of Arkansas during the relevant time period.

13. Plaintiff was employed by Defendant as an hourly-paid employee for Defendant's IT business in Little Rock.

14. Plaintiff began her employment with Defendant in April of 2018, and she continued her employment with Defendant until around November 15, 2018. At all times relevant herein, Plaintiff was an "employee" of Defendant as defined by the FLSA and the AMWA.

15. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

16. At all times relevant herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the AMWA.

17. Defendant is a foreign for-profit corporation, conducting business under the laws of the State of Arkansas, and may be served through its registered agent for service of process, Vcorp Agent Services, at 4250 North Venetian Lane, Fayetteville, Arkansas 72703.

18.   Defendant operates an IT business providing business staffing services throughout the United States.

19.   Defendant had the power to hire and fire Plaintiff, supervised Plaintiff's work and determined Plaintiff's work schedule, duties and tasks, and made decisions regarding Plaintiff's pay, or lack thereof.

20.   Defendant acted as an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, the employer of Plaintiff and all other hourly-paid IT Services employees.

21.   Upon reasonable information and belief, Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

22.   During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as computers, IT equipment and office supplies.

23.   Defendant has at all times relevant hereto been engaged in interstate commerce as that term is defined under the FLSA.

24.   Defendant has at all times relevant hereto employed four or more individuals.

## IV.   FACTUAL ALLEGATIONS

25.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

26.   Plaintiff worked for Defendant as an IT program manager from around April of 2018 until November of 2018.

27.   Within the relevant time period, Plaintiff and other similarly situated employees were paid an hourly wage.

28.   Within the time period relevant to this case, Plaintiff worked for Defendant's IT business in Little Rock.

29.   Plaintiff's primary duty consisted of managing an IT program for Defendant's customers.

30.   Plaintiff and other similarly situated employees regularly and typically worked more than forty (40) hours per week while working for Defendant.

31.   Specifically, Plaintiff frequently worked between forty-two (42) and forty-four (44) hours per week.

32.   During Plaintiff's employment, Plaintiff and other similarly situated employees were classified by Defendant as hourly employees and paid an hourly rate.

33.   Defendant paid Plaintiff and other hourly employees an amount equal to their regular hourly rates for each hour worked in excess of forty (40) hours per week.

34.   At all times relevant hereto, Defendant maintained complete control over the times and dates Plaintiff was to be at work and how she was to perform her work, and Defendant paid Plaintiff on a regular schedule. Plaintiff had no investment in Defendant's

business or operations, and Defendant provided Plaintiff with all supplies, equipment and facilities necessary to perform her job duties.

35. Defendant at all times relevant hereto maintained an employer-employee relationship with Plaintiff and other hourly employees.

36. Defendant did not pay Plaintiff for hours worked that Defendant classified as "non-billable" hours, such as time Plaintiff spent communicating with Defendant regarding previous late paychecks.

37. Defendant failed to pay and has yet to pay to Plaintiff her last paycheck after her employment with the Defendant ended around November 15, despite Plaintiff making lawful demand upon Defendant that it do so both within and after the seven days following Plaintiff's last day of employment.

38. Despite having performed work for Defendant, Plaintiff has not been paid for her hours worked leading up to the end of her employment with Defendant as a result of Defendant's failure to tender payment to Plaintiff.

39. Defendant knew, or showed reckless disregard for whether, the way it paid and failed to pay Plaintiff and other hourly employees violated the AMWA.

40. Defendant knew, or showed reckless disregard for, whether the way it paid and failed to pay Plaintiff and other hourly employees violated the FLSA.

41. Plaintiff routinely used and handled items and goods such as computer equipment and office supplies. Thus, Plaintiff used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

42. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

43. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Plaintiff brings her FLSA claim on behalf of all other hourly-paid IT Services employees placed or staffed by Defendant at any time within the applicable statute of limitations period, who were denied a proper overtime premium of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including proper overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorneys' fees and costs.

45. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

46. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were paid hourly rates;

B. They recorded their time in the same manner; and

C. They were subject to Defendant's common practice of not paying a lawful overtime premium of one and one-half (1.5) times their regular hourly rate for all hours worked over forty (40) hours per workweek.

47. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group includes at least 10 persons.

48. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action members are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

49. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

50. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

51. At all times relevant hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

52. During the course of her employment with Defendant, Plaintiff was regularly and typically directly involved in interstate commerce, specifically by routinely using and handling items that were produced for or traveled in interstate commerce.

53. At all times relevant hereto, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. Title 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

55. Despite the entitlement of Plaintiff to overtime payments at the lawful rate of one and one-half (1.5) times her regular hourly rate for all hours worked in excess of forty (40) in each workweek, Defendant failed to pay Plaintiff a lawful overtime rate and would instead pay to Plaintiff an amount equal to her regular hourly rate.

56. Despite the entitlement of Plaintiff to minimum wage payments under the FLSA, Defendant failed to pay Plaintiff any wages for her hours worked between the date covered by the most recent paycheck Plaintiff received prior to the end of her employment and the last date Plaintiff worked.

57. Defendant willfully and intentionally failed to pay overtime and minimum wages to Plaintiff.

58. By reason of the willful and intentional unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the three years prior to the filing of this Complaint.

59. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

60. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

61. Plaintiff brings this collective action on behalf of all other hourly-paid IT Services employees placed or staffed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for lawful overtime compensation for all the hours they worked in excess of forty (40) each week.

62. Plaintiff brings this action on behalf of herself and all other hourly-paid IT Services employees, former and present, placed or staffed by Defendant, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

63. Title 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

64. Like Plaintiff, the other hourly employees were often required to work more than forty (40) hours in a workweek and were only paid an amount equal to their regular hourly rate for each hour worked in excess of forty (40) per week.

65. As a result of Defendant's intentional and willful failure to pay a lawful and proper overtime premium of one and one-half (1.5) times their regular hourly rate to

Plaintiff and other hourly employees, Plaintiff and other hourly employees have been deprived of proper compensation, despite their entitlement thereto.

66. Because these employees are similarly situated to Plaintiff and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

> **All hourly-paid IT Services employees placed or staffed by Defendant within the past three (3) years.**

67. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

68. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the FLSA.

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

70. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

71. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

72. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

74. Despite the entitlement of Plaintiff to overtime payments at the lawful rate of one and one-half (1.5) times her regular hourly rate for all hours worked in excess of forty (40) in each workweek, Defendant failed to pay Plaintiff a lawful overtime rate and instead paid Plaintiff an amount equal to her regular hourly rate.

75. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff any wages for her hours worked between the date covered by the most recent paycheck Plaintiff received prior to the end of her employment and the last date Plaintiff worked.

76. Defendant willfully and intentionally failed to pay overtime and minimum wages to Plaintiff.

77. By reason of the willful and intentional unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the three years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

78. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.  FOURTH CAUSE OF ACTION
### (Claim for Violation of the "Last Paycheck" Law)

79. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

80. Plaintiff was an employee of the Defendant until around November 15, when her employment with Defendant ended.

81. Defendant has not provided Plaintiff with her final paycheck, in violation of Ark. Code Ann. § 11-4-405.

82. Plaintiff made lawful demand to Defendant for payment of her last paycheck within seven days after the end of her employment.

83. As of the date of this filing, Defendant has yet to pay Plaintiff her last paycheck.

84. Pursuant to Ark. Code Ann. § 11-4-405(a)(2), Plaintiff is entitled to recover wages from the date of the end of her employment employment, continuing forward until paid at the same rate as if Plaintiff were still employed by Defendant.

## X.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Patricia Robichaud, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and all monies paid to her;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, the Arkansas Minimum Wage Act, and their attendant and related regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages suffered by Plaintiff for all unpaid minimum wages under the Fair Labor Standards Act, the Arkansas Minimum Wage Act, and their attendant and related regulations;

F. Judgment for damages suffered by Plaintiff and the collective members for all unpaid overtime compensation under the Fair Labor Standards Act, the Arkansas Minimum Wage Act, and their attendant and related regulations;

G. Judgment for liquidated damages in an amount equal to all unpaid minimum wages owed to Plaintiff pursuant to the Fair Labor Standards Act, the Arkansas Minimum Wage Act, and their attendant and relating regulations;

H. Judgment for liquidated damages in an amount equal to all unpaid overtime compensation owed to Plaintiff and the collective members pursuant to the Fair Labor Standards Act, the Arkansas Minimum Wage Act, and their attendant and relating regulations;

I. Judgment for damages equal to compensation owed to Plaintiff for her last paycheck and wages for each day until paid after the termination of Plaintiff's employment pursuant to the Arkansas "Last Paycheck" law, Ark. Code Ann. § 11-4-405;

J. Judgment for any and all statutory penalties to which Plaintiff may be entitled;

K. An order directing Defendant to pay Plaintiff and the collective members prejudgment interest, a reasonable attorney's fee, and all costs connected with this action; and

L.  Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**PLAINTIFF PATRICIA ROBICHAUD**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Christopher Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com